STATE of North Dakota, Plaintiff and Appellant,

v.

Andrew AZURE, Defendant and Appellee.

STATE of North Dakota, Plaintiff and Appellant,

v.

George FALCON, Defendant and Appellee.

Cr. Nos. 930339, 930340.

Supreme Court of North Dakota.

Aug. 24, 1994.

---

Mary K. O'Donnell, State's Atty. (argued), Rolla, for plaintiff and appellant.

Thomas K. Schoppert (argued), Schoppert Law Firm, Minot, for defendant and appellee Andrew Azure.

Carl O. Flagstad, Jr. (argued), Minot, for defendant and appellee George Falcon.

NEUMANN, Justice.

The State appeals from orders dismissing complaints charging Andrew Azure with two counts of contributing to the delinquency of a minor, and charging George Falcon with two counts of accomplice to contributing to the delinquency of a minor. We reverse the county court orders, and remand for further proceedings.

The State alleged that Azure and Falcon accompanied two juveniles into a bar, and Azure proceeded to purchase alcoholic beverages for both juveniles. Azure was charged with two counts of willfully encouraging or contributing to the delinquency of a minor in violation of NDCC § 14–10–06 [1] by purchasing and giving alcoholic beverages to the minors. Falcon was charged with two counts of accomplice to contributing to the delinquency of a minor by accompanying the minors into the bar, where they consumed alcohol. *See* NDCC § 12.1–03–01 (accomplice statute).

Both defendants moved to dismiss the complaints for failure to state a criminal offense as a matter of law. N.D.R.Crim.P. Rule 12. The county court granted the motions. Ruling from the bench, the county court ordered that both complaints be dismissed. The court reasoned that the offense of contributing to the delinquency of a minor is defined by the Uniform Juvenile Court Act's definition of a delinquent child. The court further reasoned that, because a minor who purchases, possesses or consumes alcohol has been defined by the Juvenile Court Act as an unruly child,[2] such behavior cannot be delinquent behavior, and contributing to such behavior, therefore, cannot be contributing to delinquency. The court concluded that the legislature had decriminalized such acts. The court also reasoned that by implication the legislature had decriminalized the act of a minor entering a liquor establishment. The State appeals from the orders dismissing with prejudice.

The issues on appeal focus on our interpretation of NDCC §§ 5–01–08, 14–10–06, and 27–20–02. Azure and Falcon were charged

---

1. Section 14–10–06, NDCC, provides:

   "*Unlawful to encourage or contribute to the deprivation or delinquency of minor—Penalty.*
   "1. Any person who by any act willfully encourages, causes, or contributes to the delinquency or deprivation of any minor is guilty of a class A misdemeanor."

2. In 1989 the legislature amended section 27–20–02(10)(e), NDCC, by adding the underscored language:
   "10. 'Unruly child' means a child who:
       *     *     *     *     *     *
      e. Has committed an offense in violation of section 39–08–18 *or purchased, attempted to purchase, possessed, or consumed alcoholic beverages;* ..."

with encouraging or contributing to the delinquency of a minor, and accomplice to encouraging or contributing to the delinquency of a minor. Generally, a delinquent act is defined as any act designated a crime under the law. § 27–20–02(3). The only exceptions are traffic offenses and offenses applicable only to children. *Id.* It is a criminal act for a person under twenty-one years of age[3] to enter a liquor establishment, or to purchase, attempt to purchase, consume, or possess alcoholic beverages. § 5–01–08 (class B misdemeanor). A juvenile who enters a liquor establishment and consumes liquor is therefore committing violations which the legislature has defined as "delinquent acts."

Generally, children who commit delinquent acts and are in need of treatment or rehabilitation are "delinquent children"; however, the legislature has made some exceptions. Children who commit certain specified delinquent acts and are in need of treatment or rehabilitation have been classified as "unruly children." For example, minors who purchase, attempt to purchase, possess, or consume alcoholic beverages can be treated as "unruly children" in the juvenile system. § 27–20–02(10)(e) (as amended in 1989).[4]

The county court misinterpreted our statutes when it held that it was not a delinquent act for a minor to enter a liquor establishment, or purchase, attempt to purchase, consume, or possess alcoholic beverages. The fact that the legislature has chosen to define as unruly a child who has committed these delinquent acts is not determinative of whether the acts themselves are classified as delinquent.

For these reasons, we reverse the county court's decision to dismiss the charges against Azure and Falcon and remand for further proceedings.

VANDE WALLE, C.J., and MESCHKE, J., concur.

LEVINE and SANDSTROM, JJ., specially concur with opinions.

LEVINE, Justice, concurring specially.

Section 27–20–02, NDCC, establishes three categories of children over whom the juvenile court may exercise jurisdiction: "deprived children," "unruly children" and "delinquent children." *In Interest of C.S.,* 382 N.W.2d 381, 383 (N.D.1986). The permissible dispositions for each category are different. *See* NDCC § 27–20–30 –32. In particular, section 27–20–32, NDCC, authorizes the juvenile court to make any disposition of a child adjudicated unruly which is "authorized for a delinquent child *except* commitment to the state industrial school." (Emphasis added.) The "unruly child" category is used to limit the disposition of children who have committed offenses which indicate a need for rehabilitation or treatment, but may not require institutionalization. *C.S., supra* at 384.

The legislature has thus created a scheme in which certain acts by minors, whether criminal or noncriminal, delinquent or not, make those minors "unruly" children, in order to limit the method of disposition by the

---

**3.** Section 27–20–02(3) does exclude from the definition of "delinquent act" offenses that are applicable only to children. But note, section 5–01–08 refers not only to minors, but also to young adults between the ages of eighteen and twenty-one, thereby removing the offenses defined in 5–01–08 from the exception for offenses that apply only to children.

**4.** It is unclear from the statutory language and the legislative history whether the legislature intended that minors who purchase, attempt to purchase, possess or consume alcoholic beverages are to be treated only as unruly children, or if the legislative intent was to permit their treatment either as unruly or as delinquent children,

at the option of the petitioning authority. The question need not be answered for the purposes of this opinion, because under either interpretation the defendants here have contributed to the commission of delinquent acts, but the issue is important to all involved in juvenile court. Prior to 1989 it was clear that behavior which was merely unruly could not result in placement at the State Industrial School; only delinquent behavior could be the basis for such a disposition. Since the 1989 amendment to the definition of unruly child, that clear distinction no longer exists. A clarification of intent in the next legislative session would benefit all who are involved in juvenile court matters.

juvenile court by prohibiting commitment to the state industrial school. The acts of purchasing, attempting to purchase, and consuming alcohol were added to the "unruly child" category by amendment in 1989. 1989 N.D. Laws ch. 384 § 1. The legislative history strongly suggests that this addition to the unruly child definition was intended to restrict the juvenile court's disposition of a child who is intoxicated in public because she is "unruly but may not be delinquent." H. Jud. Comm. Minutes (March 6, 1989). The legislature did not intend to decriminalize the act of purchasing or consuming alcohol, but rather intended to qualify the methods of disposition of a child found in violation of this provision. This interpretation is consistent with the fact that purchasing, attempting to purchase and consuming alcoholic beverages by a person under twenty-one years of age remains a criminal act under NDCC § 5–01–09.

I agree therefore that the orders of dismissal were wrong. I therefore concur in the opinion of the majority.

SANDSTROM, Justice, concurring specially.

I write separately to clarify the legislative history.

Prior to the 1989 legislature, neither the Uniform Juvenile Court Act, N.D.C.C. ch. 27–20; nor the Alcoholic Beverages Law, N.D.C.C. title 5; prohibited a child, or other person under twenty-one years of age, from consuming alcoholic beverages. N.D.C.C. § 5–01–08, with certain exceptions, prohibited a person under twenty-one years of age from "purchasing, attempting to purchase, or being in possession of alcoholic beverages, or furnishing money to any person for such purchase, or entering any licensed premises where alcoholic beverages are being sold or displayed...."

In the 1989 legislative session, S.B. 2406, relating to the definition of an unruly child, was enacted.

The legislative history reflects:

"*SENATOR WAYNE STENEHJEM*, sponsor of the bill, introduced it and stated it was requested by the Juvenile Court personnel in Grand Forks. Consumption is not covered in the Code language, only purchase. New language will cover the consumption aspect and will cover a juvenile found to be under the influence of alcoholic beverages in public.... Senator Stenehjem stated that 'delinquent' is criminal in nature and unruly is not. An intoxicated child drunk in public is unruly, but may not be delinquent. He indicated he debated about where to place it in the Code and decided on the unruly procedure as most juvenile cases may be better served there, especially a one-time offense."

House Standing Committee Minutes, 1989, hearing before the Judiciary Committee on SB 2406, March 6, 1989.

In the next legislative session, 1991, H.B. 1319, relating to underage persons consuming alcohol, was enacted. The bill added to the existing prohibitions of N.D.C.C. § 5–01–08: "consuming alcoholic beverages other than during a religious service, [or] being under the influence of alcoholic beverages". Jim Vukelic, Chair of the Governor's DUI and Traffic Safety Committee, testified:

"Either alcohol *is* to be tolerated by people under the age of 21, in which case let's change the law and make it legal, or so long as it *is* illegal, let's send a consistent message that it's illegal both to possess (under current law) and consume (which is in 1319)."

Senate Standing Committee Minutes, 1991, hearing before the Judiciary Committee on HB 1319, February 27, 1991.

Senator Stenehjem opposed the bill:

"Senator Stenehjem said that last session he put in a bill, which passed, to put this virtually identical thing into juvenile court law and use that as a definition for unruly child. That applies to anyone under 18. This is who we should be dealing with in the juvenile court and not with criminal sanctions. For those under 18, this is

already addressed in another section of the code....

"Another point Senator Stenehjem wanted to stress: Last session, there was a bill that made it a criminal offense to have alcohol in a dorm room. It seemed like a good idea at first, but nearly every housing officer, etc. from the universities came in and said please don't do that, we have programs for use, we have counseling, etc.; we don't want this criminal offense to be tied into this where we're obligated to call the state's attorney instead of dealing with the issue ourselves.

"Senator Stenehjem said that this (above) ties into 1319, and that he doesn't want to do that to all the people who are trying to handle the problem in another way."

Senate Standing Committee Minutes, 1991, hearing before the Judiciary Committee on HB 1319, March 5, 1991.

The Senate Judiciary Committee recommended the bill "do not pass," and Senator Stenehjem carried the committee's recommendation on the floor of the Senate. The Senate, however, approved the bill, and it became law.

The 1989 legislative history does not reflect an intent to "decriminalize," but rather to close a gap in the law. The 1991 legislative history reflects a clear intent to make conduct criminal, and therefore, for a "child," a "delinquent act" under N.D.C.C. § 27–20–02(3).

I join in the result of the majority opinion.